HUGHES | ROBBINS, P.S.
1950 - 112TH AVENUE NE, STE. #201
BELLEVUE, WA 98004
(425) 455-0390

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON, AT YAKIMA

| | |
|---|---|
| ANDREW NAULT and JODY NAULT, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant, | Case No.:<br><br>COMPLAINT FOR DAMAGES |

COME NOW, the Plaintiffs herein, by and through their attorneys of record, SCOTT A. HUGHES and SCOTT R. ROBBINS of HUGHES | ROBBINS, P.S., and for cause of action against the Defendant, THE UNITED STATES OF AMERICA, plead and allege as follows:

## I. JURISDICTION AND VENUE

1.1     This action is brought pursuant to the authority of the Federal Tort Claims Act of June 25, 1948, 62 Stat. 982, Title 28, § 2671, et seq. and Title 28, § 1346(b) of the *United States Code*.

COMPLAINT FOR DAMAGES      - 1 -

HUGHES | ROBBINS, P.S.
ATTORNEYS AT LAW
1950 l 12TH AVENUE NE, STE #201
BELLEVUE, WA 98004
(425) 455-0390; FAX (425) 637-1214

1.2   Pursuant to 28 USC § 2672 and 2675(a), Plaintiffs timely filed and presented administratively a claim for damages on Standard Form 95 to Defendant's agency, the United States Army, by causing a copy thereof to be delivered to the Office of the Staff Judge Advocate. The United States Army has failed to resolve the Claim within six months of the date of delivery. More than six months have passed since the properly presented SF 95 was delivered and acknowledged. As a direct result, the Claim is now deemed denied under the provision of the Federal Tort Claims Act, and the Plaintiffs may file suit against Defendant the United States of America.

1.3   At all times relevant hereto the United States Army and/or other personnel employed directly or indirectly by Defendant the United States of America, were involved in the event or events giving rise to Plaintiffs' life altering injuries while acting within the course and scope of their employment with and by Defendant the United States of America.

1.4   Venue is proper in the above-captioned District Court pursuant to 28 USC § 1391(e) because the acts and/or omissions of agents/employees of Defendant the United States of America described herein occurred within the above-captioned Eastern Judicial District of Washington, in Yakima.

## II. PARTIES

2.1   Plaintiffs Andrew Nault and Jody Nault are, and at all times material hereto were, married natural persons residing in Yakima, Yakima County, Washington. They bring this lawsuit both individually and as a marital community.

2.2   Nathan Tyrell Clash was an active duty member of the United States Army at the time of the negligent acts alleged herein and was an agent/employee of the United States Army,

COMPLAINT FOR DAMAGES — - 2 -

HUGHES | ROBBINS, P.S.
ATTORNEYS AT LAW
1950 112TH AVENUE NE, STE #201
BELLEVUE, WA 98004
(425) 455-0390; FAX (425) 637-1214

a federal agency of Defendant the United States of America. All actions of Nathan Tyrell Clash alleged herein were performed on behalf of, for the benefit of, and as agent for the United States Army and Defendant the United States of America, and within the scope of his duties as an active duty member of the United States Army.

2.3     Defendant the United States of America owned, operated, and maintained the 1999 Oshkosh Wrecker tow truck, license plate number H732 and Vehicle Identification Number (VIN) number GJ9Y15XS066941, the operation of which caused the collision/incident alleged herein.

2.4     It is likewise alleged that all of the injuries and damages in this matter were wholly and completely avoidable but for the negligence of Defendant the United States of America, the sole owner of the military vehicle involved in the collision.

2.5     All acts complained of herein occurred in Kittitas County, Washington, and within the above judicial district.

### III. FACTS

3.1     On or about the evening of October 28, 2017, Plaintiff Andrew Nault was driving his 2011 Chrysler 200 eastbound on Interstate 90, and his wife, Plaintiff Jody Nault, was seated in the front passenger seat.

3.2     The Nault vehicle was lawfully proceeding in lane 2 of 2 of Eastbound Interstate 90, at milepost 76.60 near Cle Elum, Kittitas County, WA, within the jurisdiction of this Court.

3.3     As the Nault vehicle was lawfully proceeding on eastbound Interstate 90, a camouflage colored United States Army 1999 Oshkosh Wrecker tow truck, operated by active duty United States Army member Nathan Tyrell Clash, suddenly and without warning, pulled

out from the right hand shoulder, ahead of Plaintiffs' vehicle in an attempt to perform a U-turn on the active interstate, in violation of various statutes, regulations, codes, and standards, providing no forewarning to the traveling public and/or the Naults which would have likely prevented the life-altering collision.

3.4     In doing so, the Wrecker tow truck crossed directly in front of Plaintiffs' vehicle and placed the traveling public, including the Naults, in harm's way and created a dangerous condition.

3.5     Plaintiff Andrew Nault was unable to stop in time to avoid colliding with the Defendant's vehicle in a T-bone style impact at interstate speeds, and violently crashed into the Oshkosh Wrecker, resulting in injuries and damages to Plaintiffs as set forth below.

3.6     The driver of the United States Army Wrecker tow truck, active duty member Nathan Tyrell Clash, was cited by Washington State Patrol for Negligent Driving in the 2nd Degree, pursuant to RCW 46.61.525.

3.7     The negligence of active duty member Nathan Tyrell Clash, in the operation of the Army Wrecker tow truck he was driving, was the direct and proximate cause of the above described collision, which resulted in serious injuries and damages to Plaintiffs Andrew Nault and Jody Nault, as set forth below.

3.8     The United States Army, an agency of Defendant the United States of America, is directly and proximately responsible for the event alleged herein and for the negligent operation of the military vehicle by active duty member Nathan Tyrell Clash, and for all of the negligent acts and omissions that led to injuries suffered by Plaintiffs Andrew Nault and Jody Nault.

COMPLAINT FOR DAMAGES                - 4 -

HUGHES | ROBBINS, P.S.
ATTORNEYS AT LAW
1950 112TH AVENUE NE, STE #201
BELLEVUE, WA 98004
(425) 455-0390; FAX (425) 637-1214

3.9     Andrew Nault's medical expenses are in excess of $260,000.00 as of the date of filing the Complaint for Damages. They are expected to rise.

3.10    Andrew Nault's past and future wage loss is in excess of $249,000.00. This is expected to rise.

3.11    Jody Nault's past medical expenses are in excess on $1,170,000.00 as of the date of filing the Complaint for Damages. They are expected to rise.

3.12    Jody Nault's past and future wage loss is in excess of $136,000.00. This is expected to rise.

3.13    Plaintiff Andrew Nault's and Plaintiff Jody Nault's injuries are physical, emotional, permanent, and life-altering. These injuries required emergency medical treatment and transport to Harborview Medical Center in Seattle, WA. An attempt was made to "life-flight" Jody Nault to Harborview but was unsuccessful. As a result she endured a torturous land journey via ambulance to Harborview's trauma center. Andrew Nault made the same journey via ambulance.

3.14    Jody Nault's initial hospital stay lasted a length of 54 days, with necessary subsequent follow up hospitalizations, procedures and medical appointments.

## IV. CAUSES OF ACTION

4.1     Plaintiffs reallege each and every allegation contained in the preceding paragraphs.

4.2     The above-described collision was proximately caused by the negligence of Nathan Tyrell Clash, in his capacity as an active duty member employed by the United States Army, a federal agency of Defendant the United States of America.

4.3     The negligence of Nathan Tyrell Clash, in his capacity as an active duty member employed by the United States Army, a federal agency of Defendant the United States of America includes, but is not limited to, operating the above described vehicle in a negligent manner, thereby constituting common law negligence and Negligent Driving in the 2nd Degree pursuant to RCW 46.61.525.

4.4     Defendant the United States of America is responsible for the actions of its employees and agents and for the injuries thereby caused to the plaintiffs under the doctrine of respondeat superior.

4.5     As a direct and proximate result of defendant's negligence, both plaintiffs suffered temporary and permanent damages as set forth below.

## V. DAMAGES

5.1     Plaintiffs reallege each and every allegation contained in the preceding paragraphs;

5.2     As a direct and proximate result of the negligence of defendant the United States of America, plaintiffs have suffered damages which include, but are not limited to:

(a)     physical injuries; property damage; loss of use of property; past, present, and future medical expenses; past, present and future physical pain and suffering; past, present, and future mental and emotional trauma, distress, and anxiety; past, present, and future loss of income; reduction in earning capacity; reduction in the capacity to enjoy life; loss of consortium; permanent disability and impairment; loss of chance/increased risk of harm; past and future nursing services and in-home attendant care, medical equipment, purchase of a suitable home and/or modification, transportation needs; travel

expenses and other miscellaneous expenses related to the plaintiffs' injuries; and such other and further special and general damages as will be proven at trial;

 (b) All damages allowed by State and/or Federal statute or case law;

 (c) All damages flowing from the negligence of Defendant the United States of America resulting in the Naults' temporary and permanent injuries;

5.3 The doctrine of res ipsa loquitor applies to this action for damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray as follows:

6.1 For judgment in favor of Plaintiffs and against the Defendant.

6.2 For an award of all damages allowed in favor of the Plaintiffs and against the Defendant in amounts to be proven at trial.

6.3 For an award in favor of the Plaintiffs and against the Defendant to fully and fairly compensate plaintiffs for those damages that are set forth above.

6.4 For an award of prejudgment interest at the statutory rate on Plaintiffs economic damages.

6.5 For all general and special damages allowed by law.

6.6 For an award of prejudgment interest on Plaintiffs' non-economic damages to the extent allowed by law.

6.7 For an award of Plaintiffs' costs and disbursements herein.

6.8 For an award of attorney fees.

6.9 For such further relief as the Court deems just.

COMPLAINT FOR DAMAGES - 7 -

HUGHES | ROBBINS, P.S.
ATTORNEYS AT LAW
1950 112TH AVENUE NE, STE #201
BELLEVUE, WA 98004
(425) 455-0390; FAX (425) 637-1214

DATED this 1st day of April, 2021.

>HUGHES | ROBBINS, P.S.
>
>By_____
>Scott A. Hughes, WSBA #28052
>Attorney for Plaintiffs
>scotthughes@hughesrobbins.com
>
>
>By_____
>Scott R. Robbins, WSBA #19296
>Attorney for Plaintiffs
>scottrobbins@hughesrobbins.com

COMPLAINT FOR DAMAGES — 8 —

**HUGHES | ROBBINS, P.S.**
**ATTORNEYS AT LAW**
1950 112TH AVENUE NE, STE #201
BELLEVUE, WA 98004
(425) 455-0390; FAX (425) 637-1214